1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2418
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    IDA FRANCO AVELAR
6

7

8              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                    SAN JOSE DIVISION

10  IDA FRANCO AVELAR,                    Case No. CV10-02857 HRL

11                         Plaintiff,     COMPLAINT

12        v.                             DEMAND FOR JURY TRIAL

13  THE BRACHFELD LAW GROUP, A
    PROFESSIONAL CORPORATION, a          15 United States Code § 1692 et seq.
14  California corporation; ERICA LYNN    California Civil Code § 1788 et seq.
    BRACHFELD, individually and in her official
15  capacity; and LVNV FUNDING, LLC, a
    Delaware limited liability company,
16

17
                           Defendants.
18

19        Plaintiff, IDA FRANCO AVELAR, based on information and belief and investigation of

20  counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are

21  alleged on personal knowledge), hereby makes the following allegations:

22                          **I. INTRODUCTION**

23        1.    This is an action for statutory damages, attorney fees and costs brought by an

24
    individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §
25
    1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive,
26
    deceptive and unfair practices.
27

28        2.    According to 15 U.S.C. § 1692:

                              - 1 -
                            COMPLAINT

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.    Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.    It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.    Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

---

[1]  Cal. Civil Code § 1788.1(a)(1).

## II.  JURISDICTION

4.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.    This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

6.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.    This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

8.    Plaintiff, IDA FRANCO AVELAR (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.    Defendant, THE BRACHFELD LAW GROUP, A PROFESSIONAL CORPORATION (hereinafter "LAW GROUP"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 880 Apollo Street, Suite 155,

El Segundo, California 90245. LAW GROUP may be served at the address of its Agent for Service of Process at: The Brachfeld Law Group, APC, c/o Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 90245. The principal purpose of LAW GROUP is the collection of debts using the mails and telephone, and LAW GROUP regularly attempts to collect debts alleged to be due another. LAW GROUP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10.    Defendant, ERICA LYNN BRACHFELD (hereinafter "BRACHFELD"), is a natural person and licensed attorney in the state of California. BRACHFELD may be served at her current business address at: Erica Lynn Brachfeld, The Brachfeld Law Group, APC, 880 Apollo Street, Suite 155, El Segundo, California 90245. BRACHFELD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.    Defendant, LVNV FUNDING, LLC (hereinafter "LVNV"), is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 15 South Main Street, Suite 600, Greenville, South Carolina 29601-2768. LVNV may be served as follows: LVNV Funding, LLC, c/o The Corporation Trust Company, Agent for Service of Process, 1209 Orange Street, Wilmington, Delaware 19801-1120. The principal business of LVNV is the collection of debts using the mails and telephone, and LVNV regularly attempts to collect debts alleged to be originally due another. LVNV is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). LVNV is vicariously liable to Plaintiff for the acts of LAW GROUP and BRACHFELD.[2]

12.    At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

_____

[2] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

13.     On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Capital One Bank (USA), N.A. (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14.     Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned, or otherwise transferred to LVNV.

15.     Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to LAW GROUP and BRACHFELD for collection from Plaintiff.

16.     Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17.     The collection letter (Exhibit "1") is dated June 30, 2009.

18.     The collection letter (Exhibit "1") was the first written communication from Defendants to Plaintiff in connection with the collection of the alleged debt.

19.     A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

20.     The collection letter (Exhibit "1") states in relevant part as follows:

IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CREDITOR NAMED ABOVE, THEN UPON YOUR WRITTEN REQUEST WITHIN THIRTH DAYS

1    AFTER THE RECEIPT OF THIS NOTICE WE WILL PROVIDE YOU WITH THE
2    NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

3         21.    Plaintiff is informed and believes, and thereon alleges that the collection letter
4    (Exhibit "1") misrepresented the name of the current creditor.[3]

5         22.    Thereafter, Defendants sent a second collection letter (Exhibit "2") to Plaintiff
6    which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §
7    1692a(2).
8
9         23.    The second collection letter (Exhibit "2") is dated August 7, 2009.

10        24.    A true and accurate copy of the second collection letter from Defendants to
11   Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

12        25.    Plaintiff is informed and believes, and thereon alleges that the second collection
13   letter (Exhibit "2") misrepresented the name of the current creditor.
14
15        26.    Thereafter, Defendants sent a third collection letter (Exhibit "3") to Plaintiff which
16   is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17        27.    The third collection letter (Exhibit "3") is dated January 15, 2010.

18        28.    A true and accurate copy of the third collection letter from Defendants to
19   Plaintiff is attached hereto, marked Exhibit "3," and by this reference is incorporated herein.
20
21        29.    Plaintiff is informed and believes, and thereon alleges that the third collection
22   letter (Exhibit "3") falsely represented that the proposed "settlement offer" would remain open until
23   February 26, 2010.

24        30.    The third collection letter (Exhibit "3") represented or implied that Plaintiff's
25   account had been reviewed by an attorney.
26
27        31.    Plaintiff is informed and believes, and thereon alleges, that no attorney conducted
28

---

[3]  See, *Sparkman v. Zwicker & Assocs., P.C.*, 374 F. Supp. 2d 293 (E.D.N.Y. 2005).

a professional review of Plaintiff's account before sending the third collection letter (Exhibit "3") to the Plaintiff.[4]

32.    Plaintiff is informed and believes, and thereon alleges, that the third collection letter (Exhibit "3") misrepresented the role and involvement of legal counsel.

33.    Plaintiff is informed and believes, and thereon alleges, that the third collection letter (Exhibit "3") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

34.    On or about January 29, 2009, Defendants filed a lawsuit against Plaintiff to collect the alleged debt.  Said lawsuit was filed in the Superior Court of the State of California, County of Santa Clara and assigned Case No. 1-10-CV-162842 (hereinafter the "*LVNV Funding v. Avelar* complaint" or the "collection lawsuit").

35.    A true and accurate copy of the *LVNV Funding v. Avelar* complaint is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

36.    The *LVNV Funding v. Avelar* complaint (Exhibit "4") bears a facsimile script signature of Defendant, BRACHFELD.

37.    The *LVNV Funding v. Avelar* complaint (Exhibit "4") represented or implied that Plaintiff's account had been professionally reviewed by BRACHFELD.

38.    Plaintiff is informed and believes, and thereon alleges, that BRACHFELD did not conduct a professional review of Plaintiff's account before filing the *LVNV Funding v. Avelar* complaint (Exhibit "4") and sending it to the Plaintiff.[5]

39.    Plaintiff is informed and believes, and thereon alleges, that the *LVNV Funding v. Avelar* complaint (Exhibit "4") misrepresented the role and involvement of legal counsel.

---

[4]  See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).
[5]  See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

40. Plaintiff is informed and believes, and thereon alleges, that the *LVNV Funding v. Avelar* complaint (Exhibit "4") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

41. On or about February 18, 2010, Plaintiff retained the legal services of Fred W. Schwinn of the Consumer Law Center, Inc., to represent her in the collection lawsuit.

42. On or about February 18, 2010, Fred W. Schwinn served Defendants with written discovery which notified Defendants that Plaintiff was represented by Fred W. Schwinn in the collection lawsuit.

43. Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that Plaintiff was represented by an attorney in the collection lawsuit prior to March 4, 2010.

44. On or about March 4, 2010, Defendants mailed a document titled Notice of Name and Address Change of Plaintiff's Counsel (Exhibit "5") directly to Plaintiff.

45. A true and accurate copy of the document titled Notice of Name and Address Change of Plaintiff's Counsel is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

46. The document titled Notice of Name and Address Change of Plaintiff's Counsel (Exhibit "5") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

47. The Notice of Name and Address Change of Plaintiff's Counsel (Exhibit "5") bears a facsimile script signature of Defendant, BRACHFELD.

48. The Notice of Name and Address Change of Plaintiff's Counsel (Exhibit "5") represented or implied that Plaintiff's account had been professionally reviewed by BRACHFELD.

49.  Plaintiff is informed and believes, and thereon alleges, that BRACHFELD did not conduct a professional review of Plaintiff's account before filing the Notice of Name and Address Change of Plaintiff's Counsel (Exhibit "5") and sending it directly to the Plaintiff.[6]

50.  Plaintiff is informed and believes, and thereon alleges, that the Notice of Name and Address Change of Plaintiff's Counsel (Exhibit "5") misrepresented the role and involvement of legal counsel.

51.  Plaintiff is informed and believes, and thereon alleges, that the Notice of Name and Address Change of Plaintiff's Counsel (Exhibit "5") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

52.  Thereafter, on or about May 21, 2010, Defendants mailed a collection letter and Request for Entry of Default and Clerk's Judgment (Exhibit "6") directly to Plaintiff.

53.  A true and accurate copy of the collection letter and Request for Entry of Default and Clerk's Judgment are attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

54.  The collection letter and Request for Entry of Default and Clerk's Judgment (Exhibit "6") was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

55.  The Request for Entry of Default and Clerk's Judgment (Exhibit "6") represented or implied that Plaintiff's account had been professionally reviewed by BRACHFELD.

56.  Plaintiff is informed and believes, and thereon alleges, that BRACHFELD did not conduct a professional review of Plaintiff's account before filing the Request for Entry of Default and Clerk's Judgment (Exhibit "6") and sending it directly to the Plaintiff.[7]

---

[6] See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).
[7] See, *Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) and *Avila v. Rubin*, 84 F.3d 222, 228-29 (7th Cir. 1996).

57.     Plaintiff is informed and believes, and thereon alleges, that the <u>Request for Entry of Default and Clerk's Judgment</u> (Exhibit "6") misrepresented the role and involvement of legal counsel.

58.     Plaintiff is informed and believes, and thereon alleges, that the <u>Request for Entry of Default and Clerk's Judgment</u> (Exhibit "6") misrepresented the true source or nature of the communication thereby making false statements in an attempt to collect a debt.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT
### (Against all Defendants)

59.     Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

60.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

61.     Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

62.     Defendant, LAW GROUP, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

63.     Defendant, BRACHFELD, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

64.     Defendant, LVNV, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

65.     The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

66.     Defendants have violated the FDCPA.  The violations include, but are not limited

1   to, the following:

2          a.      Defendants continued to communicate directly with Plaintiff regarding the

3   collection of the alleged debt after Defendants knew that Plaintiff was represented by an

4   attorney with respect to the alleged debt, in violation of 15 U.S.C. § 1692c(a)(2);

5

6          b.      Defendants made and used false, deceptive and misleading representations

7   in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

8          c.      Defendants falsely represented or implied that attorney BRACHFELD had

9   reviewed Plaintiff's account when BRACHFELD had not done so, in violation of 15 U.S.C. §§

10  1692e(3) and 1692e(10);

11

12         d.      Defendants falsely represented the role and involvement of legal counsel, in

13  violation of 15 U.S.C. §§ 1692e(3) and 1692e(10);

14         e.      Defendants misrepresented the true source or nature of the communication,

15  in violation of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10); and

16         f.      Defendants failed to disclose the true name of the *current* creditor to whom

17  the debt being collected was owed in their first written notice to Plaintiff, in violation of 15

18  U.S.C. § 1692g(a)(2).

19

20         67.     Defendants' acts as described above were done intentionally with the purpose of

21  coercing Plaintiff to pay the alleged debt.

22         68.     As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

23  award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

24

25              **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
                        **(Against LAW GROUP and LVNV)**

26         69.     Plaintiff brings the second claim for relief against Defendants, LAW GROUP and

27  LVNV, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§

28

1788-1788.33.

70.     Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

71.     Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

72.     Defendant, LAW GROUP, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

73.     Defendant, LVNV, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

74.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

75.     Defendants, LAW GROUP and LVNV, have violated the RFDCPA.   The violations include, but are not limited to, the following:

a.     LAW GROUP and LVNV made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code § 1788.17;[8]

b.     LAW GROUP and LVNV falsely represented or implied that attorney BRACHFELD had reviewed Plaintiff's account when BRACHFELD had not done so, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[9]

c.     LAW GROUP and LVNV falsely represented the role and involvement of legal counsel, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[10]

d.     LAW GROUP and LVNV misrepresented the true source or nature of the communication, in violation of Cal. Civil Code §§ 1788.13(i), 1788.16 and 1788.17;[11]

---

[8]  15 U.S.C. §§ 1692e and 1692e(10).
[9]  15 U.S.C. §§ 1692e(3) and 1692e(10).
[10]  15 U.S.C. §§ 1692e(3) and 1692e(10).
[11]  15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

e.   LAW GROUP and LVNV continued to communicate directly with Plaintiff regarding the collection of the alleged debt after Defendants knew that Plaintiff was represented by an attorney with respect to the alleged debt, in violation of Cal. Civil Code §§ 1788.14(c) and 1788.17;[12] and

f.   LAW GROUP and LVNV failed to disclose the true name of the *current* creditor to whom the debt being collected was owed in their first written notice to Plaintiff, in violation of Cal. Civil Code § 1788.17.[13]

76.   LAW GROUP and LVNV's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

77.   As a result of LAW GROUP and LVNV's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

78.   As a result of LAW GROUP and LVNV's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[14]

79.   As a result of LAW GROUP and LVNV's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[15]

80.   Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the

[12]  15 U.S.C. § 1692c(a)(2).
[13]  15 U.S.C. § 1692g(a)(2).
[14]  15 U.S.C.§ 1692k(a)(2)(A).
[15]  15 U.S.C.§ 1692k(a)(3).

1    Plaintiff may have under any other provision of law.

2                        **VIII.  REQUEST FOR RELIEF**

3      Plaintiff requests that this Court:

4         a)   Assume jurisdiction in this proceeding;

5

6         b)   Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

7              1692c(a)(2), 1692e, 1692e(3), 1692e(10) and 1692g(a)(2);

8         c)   Declare that Defendants, LAW GROUP and LVNV, violated the Rosenthal Fair Debt

9              Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(c), 1788.16 and

10              1788.17;

11

12         d)   Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15

13              U.S.C. § 1692k(a)(2)(A);

14         e)   Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

15              $1,000 against each Defendant, LAW GROUP and LVNV, pursuant to Cal. Civil Code §

16              1788.30(b);

17

18         f)   Award Plaintiff statutory damages in an amount not exceeding $1,000 against each

19              Defendant, LAW GROUP and LVNV, pursuant to Cal. Civil Code § 1788.17;[16]

20         g)   Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

21              U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[17] and 1788.30(c); and

22         h)   Award Plaintiff such other and further relief as may be just and proper.

23   ///

24   ///

25   ///

26   ///

27

28

---

[16] 15 U.S.C. § 1692k(a)(2)(A).
[17] 15 U.S.C. § 1692k(a)(3).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSUMER LAW CENTER, INC.


By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
IDA FRANCO AVELAR


## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, IDA FRANCO AVELAR, hereby demands a trial by

jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

Brachfeld Law Group, P.C.
20300 S. VERMONT AVE
SUITE 120
TORRANCE, CA  90502

 THE **BRACHFELD** GROUP, PC

RE : Capital One
File # : RES32857
Total Amount Due: $6,395.24
Amount Enclosed: _____

June 30, 2009

13558-2562

 Ida F Avelar
5728 TUCSON DR
APT D
SAN JOSE, CA 95118-3231

Brachfeld Law Group, P.C.
P.O. BOX 421088
HOUSTON, TX  77242-1088



**EXHIBIT**
**1**

-----------------------PLEASE RETURN TOP PORTION WITH PAYMENT-----------------------

Dear Sir/Madam,                                              Total Due: $6,395.24

Our law firm has been retained to collect from you the Total Amount Due listed above.

If you want to resolve this matter, please either pay the Total Amount Due or call our Law Firm at 888-856-2120 and work out arrangements for payment. If you do neither of these things, we will continue our collection efforts for the collection of this debt.

As of the date of this letter, you owe the total amount due listed above.  Because of interest, or other charges that may vary from day to day, the total amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write us or call our office toll free at 888-856-2120.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**Send your payments to:**
Brachfeld Law Group, P.C.
P.O. Box 421088
Houston, TX  77242-1088

**Send overnight delivery to:**
Brachfeld Law Group, P.C.
800 W. Sam Houston Parkway South
Suite 200
Houston, TX  77042

**Send Correspondence to:**
Brachfeld Law Group, P.C.
20300 S. Vermont Ave
Suite 120
Torrance, CA  90502

**UNLESS, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF, WITHIN THIRTY DAYS AFTER YOUR RECEIPT OF THIS NOTICE, YOU NOTIFY US IN WRITING THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, WE WILL OBTAIN A VERIFICATION OF THE DEBT OR, IF THE DEBT IS FOUNDED UPON A JUDGMENT, A COPY OF ANY SUCH JUDGMENT, AND WE WILL MAIL TO YOU A COPY OF SUCH VERIFICATION OR JUDGMENT. IF THE ORIGINAL CREDITOR IS DIFFERENT FROM THE CREDITOR NAMED ABOVE, THEN UPON YOUR WRITTEN REQUEST WITHIN THIRTY DAYS AFTER THE RECEIPT OF THIS NOTICE WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.**

**THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.**

**NON PROFIT CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR AREA.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

BRACHFELD LAW GROUP, P.C.
P.O. BOX 421088
HOUSTON, TX 77242-1088

THE **BRACHFELD** LAW GROUP, PC

Originator : Capital One
Reference # : RES32857
Originator Account # : 4862362443765923
Total Amount Due: 6,449.06
Amount Enclosed: _____

August 07, 2009

13558-10560



Ida F Avelar
5728 TUCSON DR
APT D
SAN JOSE, CA 95118-3231

BRACHFELD LAW GROUP, P.C.
P.O. BOX 421088
HOUSTON, TX 77242-1088

llllllllllllllllllllllllllllllllllllllllllllllllll

-------------------------------------PLEASE RETURN TOP PORTION WITH PAYMENT -------------------------------------

Dear Sir/Madam,                                              Total Due: 6,449.06

You qualify for a reduction on your account for a total payout of $2,579.62. That is a savings of $3,869.44. Please contact this office or mail in your payment by 8/29/2009 to take advantage of this offer. All payments should be payable to Brachfeld Law Group. Payment must be received in our office by 8/29/2009. If payment is not received by 5 P.M. on that date, this offer is withdrawn. Additionally, you may qualify for a three month payout; however you must contact an office representative to determine if this would apply to you.

If you take advantage of the above settlement offer to avoid future collection contacts on your account, upon receipt of the full settlement funds, honored by our bank, we will consider this account resolved.

In the event this settlement offer is not accepted, our client reserves the right to offer a different settlement proposal at a later date, as well as to pursue its rights in Court by commencing legal action for the balance in full, plus accrued interest, and attorney fees allowable by law.

As of the date of this letter, you owe the total amount due listed above. Because of interest, late charges, and other charges that may vary from day to day, the total amount due on the day you pay may be greater. Hence, if you do not accept this offer, and choose to pay at a later date, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write us or call our office toll free at 888-856-2120.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**Send your payments to:**           **Send Correspondence to:**         **Send overnight delivery to:**
Brachfeld Law Group, P.C.            Brachfeld Law Group, P.C.           Brachfeld Law Group, P.C.
P.O. Box 421088                      800 W. Sam Houston Parkway South    20300 S. Vermont Ave
Houston, TX 77242-1088               Suite 200                           Suite 120
                                     Houston, TX 77042                   Torrance, CA 90502

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**THE STATE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT REQUIRE THAT, EXCEPT UNDER UNUSUAL CIRCUMSTANCES, COLLECTORS MAY NOT CONTACT YOU BEFORE 8:00 A.M. OR AFTER 9 P.M. THEY MAY NOT HARASS YOU BY USING THREATS OF VIOLENCE OR ARREST OR BY USING OBSCENE LANGUAGE. COLLECTORS MAY NOT USE FALSE OR MISLEADING STATEMENTS OR CALL YOU AT WORK IF THEY KNOW OR HAVE REASON TO KNOW THAT YOU MAY NOT RECEIVE PERSONAL CALLS AT WORK. FOR THE MOST PART, COLLECTORS MAY NOT TELL ANOTHER PERSON, OTHER THAN YOUR ATTORNEY OR SPOUSE, ABOUT YOUR DEBT. COLLECTORS MAY CONTACT ANOTHER PERSON TO CONFIRM YOUR LOCATION OR ENFORCE A JUDGMENT. FOR MORE INFORMATION ABOUT DEBT COLLECTION ACTIVITIES, YOU MAY CONTACT THE FEDERAL TRADE COMMISSION AT 1-877-FTC-HELP OR WWW.FTC.GOV.**

**NON PROFIT CREDIT COUNSELING SERVICES MAY BE AVAILABLE IN YOUR AREA**

EXHIBIT
2



PO Box 1259
DEPT #21999
Oaks, PA 19456

THE BRACHFELD LAW GROUP, PC 

January 15, 2010

Current Creditor : LVNV FUNDING LLC
Originator : Capital One
Reference # : RES32857
Total Amount Due: $6,881.64
Amount Enclosed: _____

88331-5163



Ida F Avelar
5728 TUCSON DR
APT D
SAN JOSE, CA 95118-3231

Brachfeld Law Group, P.C.
P.O. BOX 421088
HOUSTON, TX 77242-1088

--------------------------------------------PLEASE RETURN TOP PORTION WITH PAYMENT --------------------------------------------

Dear Sir/Madam

With tax season here what better time to contact us regarding fantastic settlement opportunities. Our client has authorized us to extend to you great settlement offers on the above account.

At this time our client is willing to reduce your balance by 60.00% for a total amount due of $2,752.66. Payment must be received in our office by 2/26/2010 or call our office at 866-835-1915 to see if you qualify for an extension. If Payment is not received by 5 P.M. on that date, this offer is withdrawn. Upon receipt and clearance of the stated amount your account will be considered fully resolved.

If you take advantage of a settlement offer you may avoid future collection calls on this account. In the event that an agreement is reached and our offices receive funds honored by our bank for the full amount due in the agreement, we will consider this account resolved.

In the event that this settlement agreement cannot be reached or that an offer is not accepted, our client reserves the right at a later date to offer a different settlement proposal.

Please remember the payment must be received in our office by 2/26/2010. Call us now at 866-835-1915 and speak with one of our many personable agents waiting to assist you with your settlement offer.

We look forward to your call.

**Send your payments to:**
Brachfeld Law Group, P.C.
P.O. Box 421088
Houston, TX 77242-1088

**Send overnight delivery to:**
Brachfeld Law Group, P.C.
800 West Sam Houston Parkway South
Suite 200
Houston, TX 77042

**Send Correspondence to:**
Brachfeld Law Group, P.C.
880 Apollo St. Suite 155
El Segundo, CA 90245

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

PRF-SB1-A-C

EXHIBIT

3

CBS01-88331-5163



| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Erica L. Brachfeld, Esq., S.B.N. 180683<br>Brachfeld & Associates, P.C<br>20300 S Vermont Ave Suite 120<br>Torrance, Ca 90502-1338 | (ENDORSED)<br>FILED<br>JAN 29  2010 |
| TELEPHONE NO:  310/273-7867   FAX NO. *(Optional):* 310/273-9867<br>E-MAIL ADDRESS<br>*(Optional):*   Plaintiff<br>ATTORNEY FOR *(Name):* | Su... ... ... Court<br>Co...y ... ... Clara<br>By ... ...<br>Deputy Clerk<br>M. Rosales |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS:      191 N. FIRST STREET
MAILING ADDRESS:
CITY AND ZIP CODE:      SAN JOSE, CA 95113
BRANCH NAME:      SANTA CLARA COURT, DIVISION

PLAINTIFF: LVNV FUNDING LLC ASSIGNEE OF C APITAL ONE

DEFENDANT: Ida F Avelar,

☒ DOES 1 TO 100, INCLUSIVE

**CONTRACT**

| | | |
|---|---|---|
| ☒ **COMPLAINT** | ☐ **AMENDED COMPLAINT** *(Number):* | |
| ☐ **CROSS-COMPLAINT** | ☐ **AMENDED CROSS-COMPLAINT** *(Number):* | |

| Jurisdiction *(check all that apply):*<br>☒ **ACTION IS A LIMITED CIVIL CASE**<br>**Amount demanded**   ☒ does not exceed $10,000<br>   ☐ exceeds $10,000, but does not exceed $25,000<br>☐ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)**<br>☐ **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint<br>   ☐ from limited to unlimited<br>   ☐ from unlimited to limited | CASE NUMBER:<br><br>1 1 0 C V 1 6 2 8 4 2 |

**FILE BY FAX**

1. PLAINTIFF* (names) LVNV FUNDING LLC ASSIGNEE OF C APITAL ONE
    alleges causes of action against DEFENDANT* *(names):* Ida F Avelar,
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult ☒ except plaintiff (name) LVNV FUNDING LLC ASSIGNEE OF C APITAL ONE

        (1) ☒ a corporation qualified to do business in California
        (2) ☐ an unincorporated entity *(describe)*
        (3) ☐ other *(specify):*
    b. ☐ Plaintiff *(name):*
        a.   ☐ has complied with the fictitious business name laws and is doing business under the fictitious name of *(specify):*
        b.   ☐ has complied with all licensing requirements as a licensed *(specify):*
    c. ☐ information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 3c.
4. a. Each defendant named above is a natural person

| ☐ **except defendant** *(name):* | ☐ **except defendant** *(name):* |
|---|---|
| (1) ☐ a business organization, form unknown. | (1) ☐ a business organization, form unknown. |
| (2) ☐ a corporation | (2) ☐ a corporation |
| (3) ☐ an unincorporated entity *(describe):* | (3) ☐ an unincorporated entity *(describe):* |
| (4) ☐ a public entity *(describe):* | (4) ☐ a public entity *(describe):* |
| (5) ☐ other *(specify):* | (5) ☐ other *(specify):* |

* If this form is used as a cross-complaint, plaintiff means cross-complaint and defendant.      Code of Civ. Proc.,
                                                                                                §425.12

Form Approved for Optional Use                **COMPLAINT—Contract**                American LegalNet, Inc.
Judicial Council of California                                                    www.USCourtForms.com
PLD-C-001 [Rev. January 1, 2007]

**EXHIBIT**
**4**

| SHORT TITLE LVNV FUNDING LLC ASSIGNEE OF c   VS.  Ida F Avelar, ET AL. | CASE NUMBER: |
|---|---|

## COMPLAINT—Contract

4. *(Continued)*
   b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
   c. ☐ Information about additional defendants who are not natural persons is contained in Complaint—Attachment 4c.
   d. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*

5. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ plaintiff has complied with applicable claims statutes, or
   b. ☐ plaintiff is excused from complying because *(specify):*

6  a. [  ] is [ X ] is not on a contract or installment sale for goods or services subject to Civ. Codes, § 1801 et seq. (Unruh Act).
   b. [  ] is [ X ] is not on a conditional sales contract subject to Civ. Code, § 2981 et seq.  (Rees-Levering Motor Vehicle Sales
       and Finance Act).
   c. [  ] is [ X ] is not on an obligation for goods, services, loans or extensions of credit subject to Code Civ. Proc., § 395(b).

7. This court is the proper court because

   a. ☐ a defendant entered into the contract here.
   b. ☐ a defendant lived here when the contract was entered into.
   c. ☒ a defendant lives here now.
   d. ☐ the contract was to be performed here.
   e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. ☐ real property that is the subject of this action is located here.
   g. ☐ other *(specify):*

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
     ☐ Breach of Contract
     ☒ Common Counts
     ☐ Other *(specify):*
9. ☐ Other allegations:

10. **PLAINTIFF PRAYS** for judgment for costs of suit; for such relief as is fair, just and equitable; and for
   a. ☒ damages of $5,612.56
   b. ☒ interest on the damages
      (1) ☐ according to proof
      (2) ☒ at the statutory rate of  10 percent from  February 7, 2008
   c. ☒ attorney's fees
      (1) ☐ of: $
      (2) ☒ at the legal default rate.
   d. ☒ other *(specify):* Such other relief as the court deems proper

11. ☒ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):* 1,4, 7
Date: December 18, 2009
     Erica L. Brachfeld, Esq.

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

COMPLAINT—Contract

Page 2 of 2

**FILE BY FAX**

| SHORT TITLE LVNV FUNDING LLC ASSIGNEE OF C  VS.  Ida F Avelar, ET AL. | CASE NUMBER: |
|---|---|

_____FIRST_____        **CAUSE OF ACTION—Common Counts**
   (number)

ATTACHMENT TO     ☒ Complaint     ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1.    Plaintiff *(name):* LVNV FUNDING LLC ASSIGNEE OF C APITAL ONE

       alleges that defendant *(name):* Ida F Avelar,
       became indebted to   ☒ plaintiff   ☐ other *(name):*

     a. ☒   within the last four years
         (1) ☒    on an open book account for money due.
         (2) ☒    because an account was stated in writing by and between plaintiff and/or Plaintiff's assignor and
             defendant in which it was agreed that defendant was indebted to plaintiff.

     b. ☒   within the last    ☐ two years    ☒ four years
         (1) ☐    for money had and received by defendant for the use and benefit of plaintiff.
         (2) ☐    for work, labor, services and materials rendered at the special instance and request of defendant
             and for which defendant promised to pay plaintiff.
             ☐ the sum of $
             ☐ the reasonable value.
         (3) ☐    for goods, wares and merchandise sold and delivered to defendant and for which defendant
             promised to pay plaintiff
             ☐ the sum of $
             ☐ the reasonable value.

         (4) ☐    for money lent by plaintiff to defendant at defendant's request.

         (5) ☐    for money paid, laid out, and expended to or for defendant at defendant's special instance and
             request.

         (6) ☒    *other (specify):* By the terms of the said agreement(s), Plaintiff or Plaintiff's assignor, provided
             defendants, and each of them, with services rendered and/or goods, wares, and merchandise
             and/or extension of credit at defendant's special instance and request and in consideration thereof
             defendants promised to provide payment in the sum of  $5,612.56 and interest thereon which
             defendants and each of them failed to provide.

CC-2.    $ _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
       plus prejudgment interest ☐ according to proof    ☐ at the rate of _____ percent per year from *(date):*

CC-3.    ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
            ☐ of $
            ☒ at the legal default rate.

CC-4.    ☒ Other: $5,612.56 which is fixed and agreed amount, is due and unpaid despite plaintiff's demand, plus pre -judgment interest
       at the statutory rate of 10 percent.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedures, 425.12
www.courtinfo.ca.gov
American LegalNet, Inc.
www.formsworkflow.com

FILE BY FAX

## DECLARATION OF JURISDICTIONAL FACTS

I, the undersigned, declare:

     1.     I am the attorney of record for Plaintiff in this action.

     2.     The above-entitled action is not subject to the provisions of Civil Code Section 1812.10 or Civil Code Section 2984.4.

     3.     The above-entitled action is subject to the provisions of Code of Civil Procedure Section 395(b) and/or 396(a).

     4.     Venue for this action is proper in the above-entitled Court because at the commencement of this action, one or more of the named Defendants resided in this Judicial District.

     5.     If called as a witness, I would competently so testify.

     I declare under penalty of perjury under the laws of the state of California that he foregoing is true and correct.

     DATE EXECUTED: December 18, 2009, at Los Angeles, California

By:_____
                  Erica L. Brachfeld
                  Attorney for Plaintiff

FILE BY FAX

1   THE BRACHFELD LAW GROUP, P.C.
    ERICA L BRACHFELD S.B.N. 180683
2   880 Apollo Street, Ste 155
    El Segundo, CA 90245
3   Tel: 310/ 273-7867
    Fax: 310/273-9867
4   BA FILE # RES32857

5   **Attorney for Plaintiff**

6

7

8               **SUPERIOR COURT OF CALIFORNIA**

9      **COUNTY OF SANTA CLARA, SANTA CLARA COURT, DIVISION**

10

11  LVNV FUNDING LLC ASSIGNEE OF        CASE NO. 110CV162842
    CAPITAL ONE ,
12
                    Plaintiff,          **NOTICE OF NAME AND ADDRESS
13                                       CHANGE OF PLAINTIFF'S
          vs.                           COUNSEL**
14
    Ida F Avelar, , and Does 1 to 100, Inclusive,
15
                    Defendants.
16

17

18

19      **TO THE CLERK OF THE  COURT, AND ALL PARTIES AND THEIR**

20  **ATTORNEYS OF RECORD:**

21

22                                          ┌──────────────────┐
                                            │    **EXHIBIT**   │
23                                          │                  │
                                            │       **5**      │
24                                          └──────────────────┘

25  ─────────────────────────────────────────────────────────────
      NOTICE OF NAME AND ADDRESS CHANGE OF PLAINTIFF'S COUNSEL OF RECORD
26

1       **PLEASE NOTICE THAT** effective January 1, 2010, " Erica L. Brachfeld, P. C., dba

2   Brachfeld and Associates, P.C." changed its name  to "The Brachfeld Law Group, P.C."  All

3   future reference to the firm in this matter should be to **The Brachfeld Law Group, P.C.**

4

5       Also effective as of January 1, 2010, the firm's address has changed as follows: **880 Apollo**

6   **Street, Suite 155, El Segundo, California, 90245** The firm's and its lawyers' phone numbers

7   and fax numbers have not been affected by this change.

8

9

10      Executed March 4, 2010 at El Segundo, California.

11

12  By:_____

13             Erica L. Brachfeld
               Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25  **NOTICE OF NAME AND ADDRESS CHANGE OF PLAINTIFF'S COUNSEL OF RECORD**

26

**PROOF OF SERVICE**

State Of California, County of Los Angeles

I am a citizen of the United States and employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my address is 880 Apollo Street, Suite 155, El Segundo, CA  90245

On March 4, 2010, I Served the foregoing documents described as: **NOTICE OF NAME AND ADDRESS CHANGE OF PLAINTIFF'S COUNSEL OF RECORD** on the parties below:

Ida F Avelar
5728 TUCSON DR APT D
SAN JOSE CA 95118

SANTA CLARA COUNTY SUPERIOR COURT
191 N. FIRST STREET
SAN JOSE, CA 95113

    __X__   By First-Class Mail: (1013(a), 2025.5 C.C.P) I caused such envelope with first-class postage thereon fully prepaid to be deposited in a recognized place of deposit of United States mail in El Segundo, CA for collection and mailing to the office of the addressee following ordinary business practices.

    _____   By Personal Service: A true copy of said documents were delivered to the party at the address set forth above.

    _____   By Overnight Delivery : I caused such document to be sent through United Postal Service Tracking No.:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on March 4, 2010 at El Segundo, California.


*Irene Velasco*
Irene Velasco

---

NOTICE OF NAME AND ADDRESS CHANGE OF PLAINTIFF'S COUNSEL OF RECORD

-2-

# THE BRACHFELD LAW GROUP, PC

May 21, 2010

Ida F Avelar
5728 TUCSON DR APT D
SAN JOSE CA 95118

RE:                          Capital One LVNV Funding LLC
File #:                       RES32857
JUDGEMENT AMOUNT:    $5,612.56

Dear Sir/Madam,

    The enclosed Request to Enter Default has been sent to the Court, along with documents necessary to have a judgment entered against you. This results from your failure to make a satisfactory payment arrangement or to keep the payment arrangement, if you agreed to one. If you act promptly it may be possible to stop the entry of a judgment against you. Please call our office immediately should you wish to attempt a voluntary resolution to this matter

THE BRACHFELD LAW GROUP, P.C.

ERICA L BRACHFELD

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**


EXHIBIT
6

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY

ERICA L. BRACHFELD, ESQ. (SBN) 180683   **BY FAX FILING**
THE BRACHFELD LAW GROUP, P.C.
880 Apollo Street, Ste 155
El Segundo, CA 90245
TELEPHONE NO.: 310/273-7867      FAX NO.: 310/273-9867
ATTORNEY FOR (Name): PLAINTIFF      BA FILE # RES32857

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 N. FIRST STREET
MAILING ADDRESS: 191 N. FIRST STREET
CITY AND ZIP CODE: SAN JOSE, CA 95113
BRANCH NAME:      SANTA CLARA COURT, DIVISION

PLAINTIFF: LVNV FUNDING LLC ASSIGNEE OF C APITAL ONE

DEFENDANT: Ida F Avelar,

| **REQUEST FOR** [ x ] **ENTRY OF DEFAULT**      [ X ] **CLERK'S JUDGMENT** (Application)      [ ] **COURT JUDGMENT** | CASE NUMBER: 110CV162842 |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): January 29, 2010
   b. by (name) LVNV FUNDING LLC ASSIGNEE OF C APITAL ONE
   c. [ X ] Enter default of defendant (names):
      Ida F Avelar

   d. [ ] I request a court judgment under Code of Civil Procedures section 585(b), (c), 989, etc., against defendant (names):

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code of Civil Procedures section 585(d).)*

   e. [ X ] Enter clerk's judgment
      (1) [ ] For restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply.  (Code Civ. Proc. § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. *The Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedures section 415.46.
      (2) [ X ] Under Code of Civil Procedures 585(a).  *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse item 5).)*
      (3) [ ] For default previously entered on (date):

| 2. **Judgment to be entered** | Amount | Credits Acknowledged | Balance |
|---|---|---|---|
| a. Demand of Complaint................................ | $5,612.56 | $.00 | $5,612.56 |
| b. Statement of damages * | 0.00 | 0.00 | 0.00 |
| (1) Special.................................................. | 0.00 | 0.00 | 0.00 |
| (2) General.................................................. | 0.00 | 0.00 | 0.00 |
| c. Interest.................................................... | $1,282.43 | 0.00 | $1,282.43 |
| d. Costs (see reverse).................................... | $273.00 | 0.00 | $273.00 |
| e. Attorney Fees........................................... | $.00 | 0.00 | $.00 |
| f. **TOTALS**.................................................. | $7,167.99 | 0.00 | $7,167.99 |

   g. **Daily damages** were demanded in complaint at the rate of: $      per day beginning (date):
   (* Personal injury or wrongful death actions; Code of Civ. Proc., § 425.11)

3. [ ] (check if filed in an unlawful detainer case)  **Legal Document Assistant or Unlawful Detainer Assistant** information is on the reverse (complete item 4).

Date: May 21, 2010

ERICA L BRACHFELD
--------------------------------------------------
(TYPE OR PRINT NAME)

►

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) [ ] Default entered as requested on (date): | Clerk, by: _____, Deputy |
| | (2) [ ] Default NOT entered as requested (state reason): | |

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

CIV-100

| PLAINTIFF:   LVNV FUNDING LLC ASSIGNEE OF C<br>DEFENDANT: Ida F Avelar, ET AL. | CASE NUMBER:<br>110CV162842 |
|---|---|

**4. LEGAL DOCUMENT ASSISTANT OR UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, § 6400 et seq.)  **A legal document assistant or unlawful detainer assistant** [   ] did   [ X ] did **not**   for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state)*:

a. Assistant's name:                                                b. Telephone No.:

c. Street Address, city and ZIP:                          d. County of registration:

e. Registration No.:                                             f. Expires on (date):

**5. [ X ]  DECLARATION UNDER CODE OF CIVIL SECTION 585.5** *(Required for entry of default under Code. Civ. Proc., § 585(a)).*
This action
a. [   ] is [ X ] is not on a contract or installment sale for goods or services subject to Civ. Codes, § 1801 et seq. (Unruh Act).
b. [   ] is [ X ] is not on a conditional sales contract subject to Civ. Code, § 2981 et seq.  (Rees-Levering Motor Vehicle Sales and Finance Act).
c. [ X ] is [   ] is not on an obligation for goods, services, loans or extensions of credit subject to Code Civ. Proc., § 395(b).

**6. DECLARATION OF MAILING** (Code Civ. Proc., § 587)  A copy of this *Request for Entry of Default* was
a. [   ] **not mailed** to the following defendants whose addresses are **unknown** to plaintiff or plaintiff's attorney *(names)*:

b. [ X ] **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
(1) Mailed on *(date)*: May 21, 2010                    (2) To *(specify names and addresses shown on the envelopes)*:
Ida F Avelar
5728 TUCSON DR APT D
SAN JOSE CA 95118

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5 and 6 are true and correct.
Date: May 21, 2010

ERICA L BRACHFELD                                           ▶
--------------------------------------------------------------------------------
(TYPE OR PRINT NAME)                                      (SIGNATURE OF DECLARANT)

**7. MEMORANDUM OF COSTS** *(Required if judgment requested)* **Costs and disbursements** are as follows (Code Civ. Proc § 1033.5):
a. Clerk's filing fees.............................................  $205.00
b. Process server's fees.......................................  $68.00
c. Other *(specify)*: .............................................
d. ........................................................................
e. **TOTAL**...........................................................  $273.00
f. [   ] Costs and disbursements are waived.
g. I am the attorney, agent or party who claims these costs.  To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: May 21, 2010

ERICA L BRACHFELD                                           ▶
--------------------------------------------------------------------------------
(TYPE OR PRINT NAME)                                      (SIGNATURE OF DECLARANT)

**8. [ X ]  DECLARATION OF NONMILITARY STATUS** *(Required for a judgment)*  No defendant named in item 1C of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: May 21, 2010

ERICA L BRACHFELD                                           ▶
--------------------------------------------------------------------------------
(TYPE OR PRINT NAME)                                      (SIGNATURE OF DECLARANT)

**THE BRACHFELD LAW GROUP, PC**

880 Apollo Street, Suite 155
El Segundo, California 90245

Ida F Avelar
5728 TUCSON DR APT D
SAN JOSE CA 95118

95118+3231



02 1P
0003118775
MAILED FROM ZIP CODE 90502

UNITED STATES POSTAGE
PITNEY BOWES
$ 000.44⁰